Filed 7/29/13  P. v. Montgomery CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C072480 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 11F7199, 12F679 & 12F795) |
| v. | |
| SONNY WILLIAM MONTGOMERY, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Sonny William Montgomery has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We shall affirm the judgment.

## BACKGROUND

Defendant pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); case No. 11F7199, count one), unlawful taking of a vehicle (Veh. Code, § 10851; case No. 12F679, count one), second degree commercial burglary

1

(Pen. Code,[1] §§ 459, 460, subd. (b); case No. 12F795, count one), and resisting an officer (§ 148, subd. (a)(1); case No. 12F795, count three).  Defendant admitted a prior serious felony allegation.  (§§ 667, subds. (b)-(i), 1170.12.)  In exchange, several related counts and enhancements were dismissed along with two unrelated cases (Nos. 11F8159, 12F2445), the last with a *Harvey* waiver.[2]

The trial court denied defendant's motion to dismiss the prior strike and sentenced him to prison for five years four months, awarded 44 days of custody credit and 44 days of conduct credit, and ordered him to pay a $1,920 restitution fine (§ 1202.4), a $1,920 restitution fine suspended unless parole is revoked (§ 1202.45), a $190 laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) including penalty assessments, a $160 court operations fee (§ 1465.8, subd. (a)(1)), a $120 court facilities assessment (Gov. Code, § 70373), and a $38 theft fine (§ 1202.5) including penalty assessments.

*Case No. 11F7199*

On November 8, 2011, a Redding police officer was dispatched to a convenience store to investigate possible narcotics sales.  Upon arrival, he contacted defendant who admitted that he was on probation and was determined to have warrants for his arrest.  A probation search yielded a hypodermic needle and two baggies of methamphetamine that each weighed 0.4 grams.

*Case No. 12F679*

On the morning of January 14, 2012, Redding police received a report that a car had been stolen from a department store.  The victim stated that, after parking and locking her car, she entered the store and lost her car keys while shopping.  When she

---

**1** Further undesignated statutory references are to the Penal Code.

**2** *People v. Harvey* (1979) 25 Cal.3d 754.

2

returned to the parking lot the car was gone. A store employee told police that an unknown male had found the keys and had turned them in to her. A short time later, the same male approached a counter and told the employee he had lost his keys. He described the keys correctly, so the employee gave the keys to him. The next day, a Redding police officer located the stolen car at a motel. Defendant and a female associate were nearby. Defendant matched the description of the person in the department store surveillance video from the previous day. Upon investigation, defendant was arrested for stealing the car and property belonging to the car's owner was found on his person.

*Case No. 12F795*

As a result of a burglar alarm on February 6, 2012, Redding police were dispatched to an auto body and painting shop. An arriving officer saw defendant leaving the building with several items in his hands. Upon observing the officers, defendant fled on foot, but he was apprehended following a chase. He admitted to burglarizing the building, telling officers he was looking for valuables because he needed money.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

                                               _____DUARTE_____, J.

We concur:

_____MURRAY_____, Acting P. J.

_____HOCH_____, J.